**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONILY L. JOVAN, et al.,** | : | |
| **Plaintiffs** | : | **Civil Action No. 1:05-CV-02443** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **PILGRIM'S PRIDE CORP.,** | : | |
| **Defendant** | : | |

## PRETRIAL MEMORANDUM AND ORDER

Before the Court are several motions in limine seeking to exclude certain witnesses'
testimonies and certain evidence.  The Court will address each motion in turn.

## DISCUSSION

1.      Plaintiffs moved to exclude a record in Plaintiff Luis Zepeda's personnel file on the
grounds that Defendant failed to timely produce the record.  (Doc. No. 50)  That record, prepared
by a supervisor of Zepeda, described a concern that Zepeda invited relatives to eat lunch with
him in his office over three years before the circumstances that led to the current action.  By
Court order, Plaintiff Zepeda's claims against Defendant have been dismissed in this case.  (Doc.
No. 71.)  Accordingly, this motion is moot.


 2.      Plaintiffs moved to exclude emails exchanged between Zepeda and a co-worker, alleging
that Defendant did not disclose until after discovery had concluded.  (Doc. No. 52.)  However,
because Zepeda's claims against Defendant have been dismissed, the motion is moot.


3.      Plaintiffs moved to exclude testimony by Defendant's expert witness, John W.
Dieckman, who will opine that Jovan did not diligently seek employment after his termination
and that Jovan is currently underemployed given his qualifications.  In his report, Dieckman

concluded that "[s]omeone with a professional background such as Mr. Jovan can realistically be expected to contact several hundred companies over a six-month period for work related to his prior employment as a human resources or benefits administrator.  While contact with several large employers is to be expected, his search activities for appropriate employment appear very inadequate."  (Pls' Ex. A.)  In reaching that conclusion, Dieckman relied on Jovan's deposition testimony, Jovan's resume and personnel records, the relevant tax records, and occupational employment and wage estimates from the Bureau of Labor Statistics.

Plaintiffs argue that Dieckman's proposed testimony lacks reliable scientific and factual bases, as he did not interview or at any other time personally meet with Plaintiffs.  (Doc. No. 54.)  Plaintiffs argue, in the alternative, that Dieckman's report "does not address the factor and effect of being fired from a job in procuring alternate employment."  (Pls' Br. in Support of Pls' Motion in Limine 2.)  As an initial matter, Federal Rule of Evidence 703 provides, in part, that "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing."  Fed. R. Evid. 703 (emphasis added) Thus, the fact that Dieckman did not personally interview Jovan does not directly bear on the determination as to whether his conclusions are reliable.  Federal Rule of Evidence 702 imposes an obligation on this Court to act as a "gatekeeper" to ensure that an expert's testimony is sufficiently relevant and reliable.  Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999); Daubert v. Merrell Dow Pharmaceuticals Inc., 509 U.S. 579 (1993).

Plaintiffs challenge the reliability of Dieckman's analysis because his analysis did not consider certain vocational factors.  Although Plaintiffs are correct that Dieckman did not explicitly consider the effects of being fired, that omission alone does not show that his

2

testimony lacked "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." <u>Kumho Tire</u>, 526 U.S. at 152.

Although Plaintiffs have not challenged the qualifications of Dieckman, it is incumbent upon the Court as a "gatekeeper" to ensure that Defendant's expert meets all three prongs of the <u>Daubert</u> test.  There is no evidence now before the Court concerning Dieckman's qualifications. Accordingly, the Court reserves ruling on Plaintiffs' motion.


4.    Defendant moved to exclude testimony by Stephanie Helm pursuant to Federal Rule of Evidence 401.  (Doc. No. 75.)  In her deposition, Helm testified that she had never heard Anderson make any comments about Jovan, but she had heard Anderson yell and refer to people as "stupid" on occasion.  Defendant argues that Title VII is not a "general civility code," <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 788 (1998), and that yelling and isolated comments does not equate to an actionable Title VII claim.

Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence."  Under Rule 402, relevant evidence is admissible unless otherwise proscribed by the Constitution, an Act of Congress, under the rules themselves, or by other rules "prescribed by the Supreme Court pursuant to statutory authority."  Even if Helm's testimony would not, by itself, prove Plaintiffs' claim that Anderson created a hostile-work environment, it may tend to support the claim.  Therefore, Defendant's motion will be denied.

5.      Defendant moved to exclude testimony by Rebecca Barth, Sterling Feeser, and Esperanza Moya insofar as they relate to the circumstances surrounding the termination of their own respective employments at Pilgrim's Pride.  (Doc. No. 75.)  Specifically, Defendant contends that Barth and Feeser no longer work at Pilgrim's Pride for reasons completely unrelated to Jovan's discharge, and that Moya's Fair Labor Standards Act litigation in the United States District Court for the Eastern District of Pennsylvania is irrelevant to Jovan's Title VII and PHRA claims.

Plaintiffs' argument is that Ms. Barth's resignation in 2006 followed on the heels of Defendant's negative treatment of her after she gave deposition testimony in this case.  However, Barth is not a party, and Plaintiffs have not yet sufficiently demonstrated that Defendant's purported retaliation would be relevant to Plaintiffs' claim that Jovan's 2004 termination was motivated by discriminatory animus.

Similarly, with regard to the relevance of Mr. Feeser's termination from Pilgrim's Pride, Plaintiffs point to the fact that Feeser's employment was terminated on the same day as Jovan.[1] However, beyond coincidence, Plaintiffs have not suggested any reason why this should be relevant.

Finally, with respect to Esperanza Moya, Plaintiffs believe that "[t]he [Fair Labor Standards Act] class action regards the same defendant actors during the same time period at issue."  (Pls' Br. in Opp'n 3.)  However, the fact that Pilgrim's Pride is a party to multiple

---

[1] Plaintiffs' brief in opposition states: "Mr. Feeser was released well before the expiration of his medical leave.  Significant is the date of the separation action that was the same date that Plaintiff Jovan was fired.  It is not the plaintiff's intent to dwell on Mr. Feeser's separation but the fact of his separation on the same exact date that [Jovan] was fired is relevant evidence and admissible."  (Pls' Br. in Opp'n 2) (emphasis in original).

employment-related lawsuits does not, in and of itself, support a conclusion that the two lawsuits are related.

After considering the parties' arguments and the available record, the Court concludes that Plaintiffs have failed to show how the above-mentioned testimony is relevant to Jovan's claims.  Accordingly, Defendant's motion to exclude the testimony of Barth, Feeser, and Moya insofar as they relate to their own departures from Pilgrim's Pride will be granted.  However, In the event that Plaintiffs believe that they have adequately demonstrated at trial that the proffered testimony tends to support Jovan's discriminatory discharge or hostile-work environment claims Plaintiffs may request that the Court may reconsider this ruling.

**ORDER**

**AND NOW**, on this 2nd day of March, 2007, upon careful consideration of the parties' arguments for the reasons set forth above, **IT IS HEREBY ORDERED THAT** Plaintiffs' motions in limine related to Luis Zepeda (Doc. Nos. 50, 52) are **DENIED** and Defendant's motion in limine (Doc. No. 75) as to Stephanie Helm is **DENIED**.  **IT IS FURTHER ORDERED THAT** Defendant's motion to exclude testimony by Rebecca Barth, Sterling Feeser, and Esperanza Moya related to the circumstances surrounding the termination of their respective employments is **GRANTED**, except that Plaintiffs may attempt at trial to demonstrate the relevance of such testimony to Jovan's claims and seek its introduction.  The Court will reserve ruling on Plaintiffs' motion (Doc. No. 54) to exclude the expert testimony of John W. Dieckman.

s/ Yvette Kane

Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania