**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JONILY L. JOVAN, | : | |
|     Plaintiff | : | Civil Action No. 1:05-CV-2443 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| PILGRIM'S PRIDE CORP., | : | |
|     Defendant | : | |

**MEMORANDUM**

Before the Court is Plaintiff's motion for a new trial pursuant to Federal Rule of Civil Procedure 59. (Doc. No. 103.) The parties have briefed the motion, which is now ripe for disposition. For the reasons that follow, the Court will deny the motion.

**I.   BACKGROUND**

    **A.   Procedural Background**

Jonily Jovan, a native of Sri Lanka, brought this action against his former employer, Pilgrim's Pride Corp. ("Pilgrim's Pride"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging discrimination based upon national origin and race. Jovan alleged that he was subjected to an hostile work environment, and that his employment at Pilgrim's Pride was terminated because of his national origin.

After a four-day trial in March 2007, a jury entered a verdict in favor of Pilgrim's Pride. On March 26, 2007, Jovan moved for a new trial (Doc. No. 103) on the grounds that the Court abused its discretion by limiting Jovan's testimony concerning persecution and torture suffered by Jovan in his homeland. (Doc. No. 103, at 1.) Jovan filed a brief in support of his motion on April 12, 2007. (Doc. No. 105.) Pilgrim's Pride filed a brief in opposition to the motion on May 2, 2007. (Doc. No. 106.) No reply brief was filed, and this motion is now ripe for disposition.

    **B.   Factual Background**

Jovan's motion for a new trial singularly pertains to a pretrial evidentiary ruling. On the morning of jury selection, Pilgrim's Pride presented to the Court its formal objection to a recently disclosed newspaper article describing Jovan's harrowing escape from Sri Lanka and the hardships he endured there. Pilgrim's Pride objected to the admissibility of the newspaper article and further objected to "any reference by argument, testimony, or otherwise to Mr. Jovan's claim that he suffered torture in his homeland of Sri Lanka or any evidence regarding his journey from Sri Lanka to the United States." (Tr. 4:8-11.) The Court granted the motion only in part, on relevance grounds, ruling that Jovan would be allowed to testify about certain background information, without recounting in detail the tortured he claims to have endured. The ruling was explained as thus: Jovan would be permitted "to explain [that he was] the recipient of political asylum and . . . to detail his background without sharing a lot of detail about the torture and circumstances of his living in Sri Lanka." (Tr. 4:12-17.) The Court further explained that Jovan would be able to testify about "where he came from and why he left, that he left because of the upheaval in his country, [that] he felt that he was at risk, physically at risk, and [that] he applied for and was granted political asylum." (Tr. 5:21-24.) Pilgrim's Pride objected to the ruling, on the grounds that "[w]e don't believe any of it should be permitted given its unduly prejudicial nature." (Tr. 6:13-15.) Plaintiff did not object to the ruling and proffered no basis for the admissibility of the evidence.

The case commenced to trial thereafter, with Jovan as the first witness. Despite the Court's pretrial ruling, Jovan repeatedly referred to persecution and torture that he suffered in Sri Lanka. Every time Jovan used either the word "persecution" or "torture," Pilgrim's Pride objected. After Jovan made his third reference to persecution and torture that he and his wife

suffered, Pilgrim's Pride moved for a mistrial at sidebar. (Tr. 69-71.) The Court denied the motion. Jovan later testified that his wife suffered a miscarriage due to torture (Tr. 148) and, again, Pilgrim's Pride objected. Finally, Jovan asked the Court whether "[he could] just use the word 'persecution' once? Am I not allowed at all? I'm not going to go into detail." (Tr. 157:21-22.)

At sidebar, Pilgrim's Pride again moved for a mistrial on the grounds that "despite the Court's admonition to counsel and to this witness, this witness has twice this morning referenced persecution and torture, not only with respect to himself but talked about alleged persecution and torture of his wife in a blatant attempt to appeal to the passion, sympathy, and prejudice of this jury." (Tr. 158:1-6.) The Court denied the motion as follows:

> I'm sorry, Counsel, but I don't have a history with this witness. You obviously do, and you are very mistrustful of any errors that he may make. I don't see it this way. I do not think this is a manipulative person who is trying to manipulate the Court and counsel and the whole system. I don't see that. I think he's a person who has some language issues, some language barriers, and is doing his best to follow the Court's instruction. Perhaps I've not been explicit enough, but I haven't heard anything that I think warrants a mistrial in this case.

(Tr. 158-159:1-10.) At side bar, overruling Pilgrim's Pride's motion for a mistrial, the Court opined that:

> The ruling on whether or not he's even allowed to reference the issues in Sri Lanka is a close call, and I may even be wrong on that. I certainly think in terms of background it was not proper. In terms of explaining to the jury how the hostile work environment impacted him, it probably is appropriate. But I've limited what he's going to be permitted to say. I think that at some point there comes to be a [Rule] 403 issue with it, but we're walking a fine line here. I don't think he's done anything that has prejudiced defendant's case, especially given later opportunity for a possible limiting instruction.

(Tr. 159:11-22.)

Jovan now argues in his motion for a new trial that the Court's latter statement that "[t]he ruling . . . is a close call, and I may even be wrong on that" amounts to a concession that the jury did not receive all "relevant and key evidence to prove the defendant's discriminatory intent and/or that national origin was a determinative factor in the decision to terminate the plaintiff from employment." (Pl's Br. 12.) Now, for the first time, Jovan has adopted the Court's suggestion that the questioned evidence may be relevant to Jovan's hostile-work-environment claim. Pilgrim's Pride opposes Jovan's motion on the grounds that he failed to object to the ruling at trial, that the Court's ruling was correct, and that any error would be harmless.

## II.   STANDARD OF REVIEW

Jovan's motion for a new trial implicates two Federal Rules of Civil Procedure – Rules 59(a) and 61. Rule 59(a) provides, <u>inter alia</u>, that "[a] new trial may be granted to all or any of the parties and on all or part of the issues . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). Rule 61 provides, <u>inter alia</u>, that "[n]o error in either the admission or the exclusion of evidence . . . is ground for granting a new trial . . . unless refusal to take such action appears to the court inconsistent with substantial justice."

The Third Circuit has held that "[a] motion for a new trial should be granted where substantial errors occurred in admission or rejection of evidence." <u>Goodman v. Pa. Tpk. Comm'n</u>, 293 F.3d 655, 676 (3d Cir. 2002). However, errors in evidentiary rulings cannot be the basis for a new trial if the errors are harmless. Non-constitutional errors are "harmless only if it

is 'highly probable' that the errors did not affect the outcome of the case." McQueeney v. Wilmington Trust Co., 779 F.2d 916, 917 (3d Cir. 1985).

### III. DISCUSSION

Jovan has not established grounds for a new trial. Rather, as discussed below, the Court finds that its ruling was not error and, in the alternative, that any error would be harmless.[1]

#### A. A new trial is unwarranted because the Court's evidentiary ruling was not error

When the Court granted Pilgrim's Pride's motion in limine, it did so on the grounds of relevance. Federal Rule of Evidence 401 defines relevant evidence as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. During the in camera conference, Pilgrim's Pride argued that the jury should not be made aware that Jovan suffered persecution and torture in Sri Lanka because those events were irrelevant to the factual questions of whether Jovan's employment was terminated because of his national origin or whether his supervisor made racially hostile comments. While the Court agreed with

---

[1] Pilgrim's Pride also argues that Jovan's motion should be denied because he failed to formally object at trial. During trial, Jovan failed to muster any support for the argument that testimony concerning persecution and torture was relevant to his claims. It is clear, however, that while "a party who fails to object to errors at trial waives the right to complain about them following trial," Waldorf v. Shuta, 142 F.3d 601, 629 (3d Cir. 1998), a formal objection is not required to preserve an issue for post-trial consideration, Fed. R. Civ. P. 46 ("[f]ormal exceptions to rulings . . . of the court are unnecessary"); see American Home Assur. Co. v. Sunshine Supermarket, Inc., 753 F.2d 321, 324-25 (3d Cir. 1985) (no formal objection necessary in order to preserve specific issue on appeal when motion in limine is denied). Here, although Jovan did not formally object, the "underlying objective that potential trial problems be brought to the attention of the trial court and a timely opportunity be given to rule on such issues" was satisfied. American Home Assur., 753 F.2d at 325-25. Thus, though Jovan's arguments concerning the evidentiary ruling are laggardly, he did not waive his objection thereto.

Pilgrim's Pride that the specific details of persecution or torture in Sri Lanka would not be admissible to his Title VII claims, the Court found that general information about Jovan's background was relevant as background and permitted that testimony. Specifically, the Court allowed that Jovan could testify as to "where he came from and why he left, that he left because of the upheaval in his county, [that] he felt that he was at great risk, physically at risk, and [that] he applied for and was granted political asylum." (Tr. 5:21-24.)

Jovan argues that the Court's ruling deprived him of his ability to present evidence that would allow a jury to fully assess whether he was subjected to a hostile work environment.[2] The Third Circuit requires a plaintiff to establish five elements in order to prevail upon a prima facie hostile-work-environment claim: "(1) [the plaintiff] suffered intentional discrimination because of [his national origin]; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected [him]; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present." Jensen v. Potter, 435 F.3d 444, 449 (3d Cir. 2006); West v. Philadelphia Elec. Co., 45 F.3d 744, 753 (3d Cir. 1995). In this case, Jovan contends that without testimony about persecution and torture suffered in Sri Lanka, the jury lacked a necessary frame of reference to determine whether discrimination would have detrimentally affected a reasonable person of South Asian national origin, thereby

---

[2] This argument, raised for the first time after trial, apparently owes its origins to a statement by the Court that "[t]he ruling on whether or not he's even allowed to reference the issues in Sri Lanka is a close call, and I may even be wrong on that. I certainly think in terms of background it was not proper. In terms of explaining to the jury how the hostile work environment impacted him, it probably is appropriate." (Tr. 159:11-16.) Understood in context, the Court's statement was not a repudiation of the earlier evidentiary ruling; rather, it was an explanation to the rejection of Pilgrim's Pride's view that the Court's ruling was *too* permissive in allowing background evidence.

limiting his ability to prove the fourth element of his prima facie claim. According to Jovan, the Court's ruling prohibiting testimony about the specific circumstances in Sri Lanka constituted a "blanket exclusion" of critical evidence. The Court does not agree.

The Third Circuit has expressed, on more than one occasion, its disapproval of "blanket" evidentiary exclusions in employment-discrimination cases. See, e.g., Quinn v. Consol. Freightways Corp., 283 F.3d 572, 578 (3d Cir. 2002); Glass v. Philadelphia Elec. Co., 34 F.3d 188, 195 (3d Cir. 1994). The court has acknowledged that "Plaintiffs face proof problems in employment discrimination cases," Quinn, 283 F.3d at 578, and that "[t]he effects of blanket evidentiary exclusions can be especially damaging in employment discrimination cases, in which plaintiffs must face the difficult task of persuading the fact-finder to disbelieve an employer's account of his own motives," Glass, 34 F.3d at 195 (quoting Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1103) (8th Cir. 1988)). Accordingly, in Quinn, the Third Circuit found that a discovery sanction excluding certain testimony was reversible error when the excluded evidence "amounted to critical evidence from which the jury could find that [the defendant's] proffered reason for plaintiff's termination was pretextual." 283 F.3d at 579. Similarly, in Glass, the Third Circuit found that the trial court abused its discretion when it allowed the defense to elicit evidence related to the defendant's nondiscriminatory motive while prohibiting the plaintiff from presenting evidence pertaining to pretext. 34 F.3d at 194-95.

The record does not support Jovan's characterization of the Court's ruling. No "blanket exclusion" occurred here. Rather, Jovan's testimony was limited to that relevant to his claim. The evidence implicated in this case and the context in which it was sought to be introduced are fundamentally different from either Quinn or Glass. In those cases, the trial courts' exclusion of

7

Case 1:05-cv-02443-YK   Document 108   Filed 11/20/07   Page 8 of 11

evidence restricted the jury's ability to evaluate whether the defendants' motives were actually discriminatory in nature, and therefore severely impaired the plaintiffs' ability to present their claims. In this case, the thrust of Jovan's claim was that he was subjected to a hostile work environment when his supervisor: "brought in pictures of uncivilized poorly clothed and dirty tribal folk and sarcastically inquired if these were his people[;] asked if Sri Lanka had any terrorists and if it was close to Afghanistan and Iraq[;] [and] inquired as to why Jovan brought salads for lunch instead of '[his] real food,' and then asked 'do you guys eat raw meat, do you eat snails.'" (Doc. No. 71, at 8.) During trial, Jovan was permitted to testify about the effects that such comments had on him. However, the evidence that Jovan intended to introduce – that he is Christian, Tamil, an erstwhile freedom fighter, a victim of physical torture, and that he escaped Sri Lanka only to be abandoned at sea – do not bear on the work environment at Pilgrim's Pride. Such testimony would not make the existence of any fact that is of consequence to the determination of whether a *reasonable* person of South Asian origin or even Jovan himself would be offended by the remarks allegedly made in the workplace more probable or less probable than it would be without such evidence.

Unlike in Quinn and Glass, the exclusion of the testimony about the persecution or torture of Jovan did not deprive the jury of evaluating, in toto, the workplace environment and the credibility of the witnesses with respect to whether Jovan was discriminated against by subjection to a hostile work environment. Accordingly, a new trial is unwarranted because the Court's in limine ruling was not error.

**B.      A new trial is unwarranted because any error would be harmless**

Assuming arguendo that the Court did err by limiting Jovan's testimony, a new trial

would nevertheless be unwarranted because such error would have been harmless.  Non-constitutional errors at trial are considered harmless "if it is 'highly probable' that the errors did not affect the outcome of the case." McQueeney v. Wilmington Trust Co., 779 F.2d 916, 917 (3d Cir. 1985).  This standard requires the Court to be "well-satisfied that the error did not prejudice a party, but [the Court] need not disprove every reasonable possibility of prejudice." General Motors Corp. v. New A.C. Chevrolet, Inc., 263 F.3d 296, 329 (3d Cir. 2001).  In this case, the Court finds that such error would be harmless because, assuming that such evidence was relevant pursuant to Rule 401, testimony about persecution and torture would be inadmissible under Rule 403.

Federal Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  Although the Court did not rely upon Rule 403 in limiting Jovan's testimony, a Rule 403 analysis compels the same limitations on his testimony.  The probative value of Jovan's testimony detailing torture and abuse years before trial is substantially outweighed by the danger of unfair prejudice.

The probative value of the anticipated testimony is limited: whether someone was victimized by persecution or torture is several degrees removed from the question of whether a reasonable person of South Asian national origin would be detrimentally affected by the alleged discrimination.  Moreover, the danger of unfair prejudice is clear: testimony about persecution or torture suffered by Jovan would likely have "an undue tendency to suggest decision on an improper [emotional] basis." United States v. Ali, 493 F.3d 387, 391 n.2 (3d Cir. 2007) (quoting

Fed. R. Evid. 403 Advisory Comm.'s Notes)).  Such testimony would shift the focus of the trial away from the allegedly discriminatory actions of Pilgrim's Pride to barbaric human-rights violations occurring a world away.  On balance, therefore, assuming that such testimony was relevant, it would nonetheless have been inadmissible under Rule 403.  Thus, it is "highly probable" that any error based on the Court's decision to exclude such testimony on the basis of relevance alone would not affect the outcome of the case, and therefore such error would be harmless error.[3]

Jovan's testimony about persecution and torture was properly limited.  Moreover, any error arising from the Court's ruling would be harmless.  Thus, a new trial is not warranted, and Jovan's motion will be denied.

## IV.    CONCLUSION

For the foregoing reasons, the Court will deny Jovan's motion for a new trial.  An appropriate order follows.

---

[3] Pilgrim's Pride advances another reason for finding harmless error.  Pilgrim's Pride contends that, although the Court ruled that Jovan would not be permitted to testify about persecution and torture suffered in Sri Lanka, Jovan repeatedly referred to such persecution and torture of himself and family members.  Indeed, by the time the Court stated that the ruling was a "close call," Pilgrim's Pride moved for a *mistrial* because Jovan continued to invoke the words "persecution" and "torture."  Pilgrim's Pride argues that Jovan's repeated references to persecution and torture rendered the Court's ruling meaningless.  The Court declines to consider what effect, if any, Jovan's conduct at trial would have in a harmless-error analysis.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONILY L. JOVAN,** | : | |
| Plaintiff | : | Civil Action No. 1:05-CV-2443 |
| | : | |
| v. | : | **(Chief Judge Kane)** |
| | : | |
| **PILGRIM'S PRIDE CORP.,** | : | |
| Defendant | : | |

## **ORDER**

**AND NOW**, on this 20th day of November, 2007, upon due consideration of the Court and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for a new trial (Doc. No. 103) is **DENIED**. All other motions will be denied as **MOOT**. The Clerk of Court is directed to close the file.

                                                s/ Yvette Kane
                                                Yvette Kane, Chief Judge
                                                United States District Court
                                                Middle District of Pennsylvania